UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ANSYS, INC. § | |
| § | Cause No. 6:23-CV-00120-ADA-JCM |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| § | |
| DOES 1 THROUGH 213, § | |
| § | JURY TRIAL DEMANDED |
| Defendants. § | |

**UNOPPOSED *EX PARTE* MOTION FOR LEAVE TO SERVE
THIRD-PARTY SUBPOENAS PRIOR TO A RULE 26(F) CONFERENCE**

Pursuant to FED. R. CIV. P. 26(d)(1), Ansys, Inc. ("Ansys"), moves for entry of an order granting it leave to serve third-party subpoenas on certain Internet Service Providers ("ISPs")[1], prior to a Rule 26(f) conference (the "Motion") and would respectfully show as follows:

**I.      INTRODUCTION**

Ansys seeks an Order to compel discovery from the ISPs to determine the identities of the Doe Defendants in this case. Specifically, Ansys has learned that certain individuals violated its rights under the Copyright Act by downloading and using Ansys software products without permission. To protect Ansys' rights to and investment in its software, Ansys filed this action against individuals, whom Ansys identified as Does 1-213, until Ansys can determine their identities. Although Ansys has identified the Internet Protocol ("IP") addresses and/or accompanying network information associated with the Doe Defendants, Ansys has not yet

---

[1] The ISPs Ansys seeks to subpoena are AT&T Services, Inc., ATT-INTERNET4, CenturyLink, CenturyLink Communications, LLC, CENTURYLINK-US-LEGACY-QWEST, CHARTER-20115, Charter Communications, and Charter Communications Inc.

determined their identities to name them in this action. The identifying information is within the possession of the ISPs, which assigned the IP addresses associated with these Doe Defendants. Without access to identifying information of these Doe Defendants, such as name, address, email address, and phone number, Ansys will not be able to move forward with this matter to protect its software from unauthorized use. As a result, Ansys respectfully requests the Court grant this Motion.

## II.   BACKGROUND

Ansys is the global leader in engineering simulation software, maintaining over 75 strategic sales locations and a network of partners worldwide. *See* Comp. at ¶ 2.  Ansys maintains a portfolio of software products that solve complex design challenges and engineer products for customers in a wide variety of industries. *See id*. at ¶¶ 2-3. Ansys' flagship products include Ansys Fluent, Ansys Electronic Enterprise, and Ansys Mechanical software programs ("Ansys Software"), which are protected by U.S. Copyright Registrations. *Id*.  at ¶3.

Ansys employs various anti-piracy measures in order to prevent unauthorized and unlicensed uses of its Ansys Software. One such measure is Ansys' incorporation of Piracy Detection and Reporting Security Software ("PDRSS") into the Ansys Software. *Id*. at ¶¶ 23-31. The PDRSS can detect the installation or use of unlicensed, illegal copies of the Ansys Software and collect data and information relating to the unlicensed use event. *Id*. The PDRSS then generates an infringement report containing information gathered regarding the unlicensed use event, including but not limited to the IP address of the computer used. *Id*.

An IP address is a unique numerical address assigned to an internet user by the user's internet service provider ("ISP"). *Id*. at ¶¶ 32-34. The IP address assigned to a particular subscriber is typically tracked by the ISP, which retains "user logs" of information for a certain period of

time. *Id*. While the infringement report generally does not include any personal information from which Ansys can independently identify the users who installed the unlicensed Ansys Software, *id*. at ¶ 32, the ISPs responsible for assigning specific IP addresses can identify the users that the specific IP addresses belong to from their user logs. *See id*. at ¶¶ 33-34.

Further, ISPs are assigned blocks of IP addresses, and the blocks assigned to specific ISPs are publicly available on internet databases. Accordingly, once an IP address is known it is fairly simple to determine which ISP assigned the IP address. *Id*. at ¶ 34. However, without the ISP's help, it is impossible to determine which IP address is associated with which subscriber. *See id*. at 31-34.

Using information provided by the PDRSS, Ansys has compiled a list of unauthorized installations of the Ansys Software, including a list of specific IP addresses for each unauthorized installation. Each IP address is associated with a currently unidentified Defendant in this suit. *Id*. Ansys then cross-referenced the list of IP addresses with the blocks assigned to specific ISPs to determine which ISPs it must subpoena.

As such, Ansys seeks leave to serve limited, immediate discovery on the ISPs so that Ansys may learn Defendants' identities, investigate Defendants' role in the infringement, and effectuate service on Defendants.

### III.   ARGUMENT

**A. Legal Standard Governing Expedited Discovery Requests to Identify an Anonymous Defendant**

While a party generally may not seek discovery prior to a Rule 26(f) conference, it may do so if authorized by court order. *See* Federal Rule of Civil Procedure 26(d)(1). "In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the only

3

potential avenue for discovery is [a court order under] Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020); *Malibu Media, LLC v. Doe*, No. 19-00962 (DAE)(SA), 2019 WL 4003086, at *2 (W.D. Tex. Aug. 23, 2019) ("As Defendant is known only by his or her IP address, there is no other way for Plaintiff to obtain this information.").

Several federal courts within the Fifth Circuit, including the Western District of Texas, have adopted the "good-cause" standard to determine whether a party is entitled to expedited discovery. *See, e.g., AccurentLLC v. Short*, No. 1:17-CV-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017); *Alamo Area Mut. Hous. Ass'n, Inc. v. Lazenby*, No. 5:17-CV-634-DAE, 2017 WL 7052289, at *4 (W.D. Tex. July 19, 2017). Under this standard, "a court must examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Strike 3 Holdings, LLC, v. Doe*, No. 1:21-cv-00928-RP, Dkt. 5 at *2 (W.D. Tex. Oct. 29, 2021). "If a plaintiff seeks a subpoena to identify an anonymous internet user, a court must also balance the need for disclosure against the defendant's expectation of privacy." *Id*.

"In making this determination, courts commonly consider the following factors. '(1) a concrete showing of a prima facie claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy.'" *Strike 3 Holdings, LLC, v. Doe*, No. 1:21-cv-00928-RP, Dkt. 5 at *2 (W.D. Tex. Oct. 29, 2021) (quoting *Malibu Media, LLC v. John Doe*, No. SA-19-CV-599-XR, at *2 (W.D. Tex. July 23, 2019). Considering all these factors, Ansys shows good cause for expedited discovery.

### B. Good Cause Exists for this Court to Grant Ansys' Motion for Leave to Serve Its Subpoena

### 1. Ansys' Complaint Makes a Prima Facie Claim of Copyright Infringement

The first factor of the good-cause test is whether the plaintiff has made "a concrete showing of a prima facie claim of actionable harm." *Strike 3 Holdings, LLC, v. Doe*, No. 1:21-cv-00928-RP, Dkt. 5 at *2 (W.D. Tex. Oct. 29, 2021). To make a prima facie claim of copyright infringement, Ansys must show (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Ansys' Complaint accomplishes this, stating (1) "Ansys' flagship products include Ansys Electronics Enterprise, Ansys Fluent, and Ansys Mechanical software programs ("Ansys Software"), which are protected by U.S. Copyright Registration", *see* Compl. at ¶ 3; and (2) "Defendants obtained, installed on their computer systems, and used pirated Ansys Software. Defendants committed willful copyright infringement and DMCA violations when they downloaded pirated Ansys Software, circumvented Ansys' technological measures protecting the software, and used the unlicensed Ansys Software . . . ." *See Id*. at ¶ 5.

Ansys owns valid copyrights in the Ansys Software, which are registered with the United States Copyright Office. *See* 17 U.S.C. § 410(c); Compl. at ¶¶ 3, 38-47. Ansys has also made a plausible prima facie showing of "copying." "The word 'copying' is shorthand for infringing of any of the copyright owner's five exclusive rights' described in § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Ansys' Complaint alleges that Defendants downloaded pirated copies of the Ansys Software, circumvented Ansys' technological measures protecting the Ansys Software, and used pirated copies of the Ansys Software. *See* 17 U.S.C. § 106(1); *see also* Complaint at ¶ 5. Thus, Ansys satisfies the first factor of the good cause test.

### 2. Ansys Seeks Only the Limited and Specific Information Necessary to Serve Doe Defendants

The second factor of the good-cause test deals with the specificity of the discovery request. Ansys seeks to subpoena from the ISPs the name, address, email address, and phone number of each Defendant associated with an identifiable IP address. *See John Wiley & Sons, Inc. v. Doe*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012) (permitting concrete and narrow subpoena to obtain subscriber information). "Plaintiff's discovery request is sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court." *FUNimation Entm't v. Does 1 - 1,427*, No. 11-269, 2012 WL 12897376, at *2 (E.D. Tex. Mar. 16, 2012); *see Combat Zone Corp. v. John/Jane Does 1-5*, No. 12-4005-M, 2012 WL 5289736, at *1 (N.D. Tex. Oct. 26, 2012) ("The information sought is specific."); *Combat Zone Corp. v. John/Jane Does 1-13*, No. 12-3927-B, 2013 WL 230382, at *5 (N.D. Tex. Jan. 22, 2013) (finding a subpoena limited to identifying an infringer "satisfies the second factor"). "The identifying information would enable Plaintiff to serve process on Defendants." *FUNimation Entm't*, No. 11-269, 2012 WL 12897376 at *2. Thus, the second factor weighs in Ansys' favor.

### 3. There Are No Alternative Means to Obtain Defendants' Identities

The third factor is the absence of alternative means to obtain the information sought in the proposed subpoena. The only hint Ansys currently has as to Defendants' identities is their IP addresses, provided by Ansys' PDRSS infringement reports. As discussed, Ansys cannot independently identify an internet user by their IP address. Rather, only the ISP who assigned the IP address can identify the user by referencing its user logs. *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 299 (4th Cir. 2018) (noting "only the ISP can match the IP address to the subscriber's identity"); *Studio W. Prods. Inc v. Does 1-237*, No. CV 12-3690, 2013

WL 12158061 at *2 ("ISPs can identify each Defendant by name through the IP address by reviewing its subscriber activity logs."). Last year, this District found that a plaintiff sufficiently alleged it had no other way to obtain the names and addresses of a defendant but from an ISP where the plaintiff could only identify the defendant, who had allegedly violated the Copyright Act, by her or his IP address. *Strike 3 Holdings, LLC*, *v. Doe*, No. 1:21-cv-00928-RP, Dkt. 5 at *4 (W.D. Tex. Oct. 29, 2021). Like the plaintiff in *Strike 3 Holdings*, Ansys has no alternative means to obtain Defendants' identities and must subpoena their ISPs.

### 4. The Subpoenaed Information Is Necessary to Advance Ansys' Claim

The fourth factor of the good cause test is the existence of a "central need" for the subpoenaed information to advance the plaintiff's claim. When a plaintiff can only identify a defendant by their IP address and seeks to subpoena the defendant's identity from the ISP, "[Plaintiff's] need for the subpoenaed information is significant. Without it, [Plaintiff] would be unable to serve process and advance its infringement claim." *Strike 3 Holdings, LLC*, *v. Doe*, No. 1:21-cv-00928-RP, Dkt. 5 at *4 (W.D. Tex. Oct. 29, 2021). "Furthermore, a subpoena is appropriate because ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. Once that information is erased, Plaintiff will have no ability to identify the Doe Defendants and will be unable to advance its claim." *Studio W. Prods., Inc*, No. 12-3690, 2013 WL 12158061 at *2. Given that Ansys cannot serve process and advance its copyright infringement claims against Defendants unless it obtains their identities from the ISP, the fourth factor weighs in Ansys' favor.

### 5. Ansys' Interest in Protecting Its Copyrighted Software Substantially Outweighs Defendant's Minimum Privacy Interest

The fifth factor concerns the internet user's expectation of privacy. An ISP subscriber has a "minimal expectation of privacy in the sharing of copyrighted material." *Strike 3 Holdings, LLC*,

7

*v. Doe*, No. 1:21-cv-00928-RP, Dkt. 5 at *4 (W.D. Tex. Oct. 29, 2021) (quoting *Malibu Media, LLC v. John Does 1-11*, No. 12 CIV. 3810 ER, 2013 WL 3732839, at *6). Furthermore, a Defendant's First Amendment privacy interests are "exceedingly small" where the speech is the alleged infringement of copyrights, and any First Amendment right to remain anonymous is outweighed by a plaintiff's right to use judicial process to pursue meritorious copyright infringement claims. *Id*. Accordingly, the fifth factor weighs in Ansys' favor.

In sum, all five factors weigh in favor of permitting Ansys to serve a third-party subpoena before the Rule 26(f) conference.

## IV. CONCLUSION

For the foregoing reasons, Ansys respectfully requests this Court grant it leave to issue a Rule 45 subpoena to the ISPs.

Dated: February 23, 2023

Respectfully submitted,

DANIELS & TREDENNICK PLLC

*/s/ John F. Luman III*
John F. Luman III
Attorney-in-Charge
Texas State Bar No. 00794199
Heath A. Novosad
Texas State Bar No. 24037199
Mary Rodman Crawford
Texas State Bar No. 24109766
DANIELS & TREDENNICK PLLC
6363 Woodway, Suite 700
Houston, Texas 77057
(713) 917-0024 – Telephone
(713) 917-0026 – Facsimile
Luman@dtlawyers.com
Heath@dtlawyers.com
Crawford@dtlawyers.com

**COUNSEL FOR ANSYS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                */s/ John F. Luman III*